# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 18-148 |
| ) | |
| DAVEE WARD, ) | Judge Cathy Bissoon |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Defendant Davee Ward's objection to the Presentence Investigation Report ("PSR"), that his prior Pennsylvania conviction for distribution of heroin does not qualify as a career offender predicate under the sentencing guidelines, will be overruled.[1]

The guidelines call for a career offender enhancement when, among other things, a defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

In the PSR, the Probation Office concluded that Ward had two previous felony convictions for controlled substance offenses. Ward disputes that one of those—i.e., the 2010 conviction for possession with intent to distribute heroin in violation of 35 P.S. § 780-113(a)(30)—is a controlled substance offense under the guidelines. Ward contends that, because Pennsylvania's definition of heroin is broader than the definition of heroin under the federal

---

[1] The Court will address Ward's remaining objections at his sentencing hearing.

Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, his prior conviction categorically fails to qualify as a controlled substance offense.

Ward's contention is premised on incorporating the federal CSA's definition of "controlled substance" (and its schedules of enumerated substances), 21 U.S.C. § 802(6), into the career-offender guideline—which is the approach endorsed by the Second, Fifth and Ninth Circuits. See United States v. Townsend, 897 F.3d 66, 68, 71 (2d Cir. 2018); United States v. Gomez-Alvarez, 781 F.3d 787, 793–94 (5th Cir. 2015); United States v. Bautista, 989 F.3d 698, 702 (9th Cir. 2021). The competing view—adopted by the Fourth, Seventh and Eighth Circuits—holds that where a prior conviction is handed down in state court, a substance criminalized under that state's laws is a "controlled substance" under the guidelines, even if absent from the federal CSA. See United States v. Henderson, No. 20-2594, 2021 WL 3817853, at *3–5 (8th Cir. Aug. 27, 2021); United States v. Ward, 972 F.3d 364, 371–72 (4th Cir. 2020); United States v. Ruth, 966 F.3d 642, 654 (7th Cir. 2020).

While the Court of Appeals for the Third Circuit has not yet addressed this issue directly, its precedential and non-precedential opinions strongly suggest that it would hold that the federal CSA definition should control. See United States v. Glass, 904 F.3d 319, 322 (3d Cir. 2018) (referencing the federal CSA's definition of "deliver" when construing § 4B1.2(b)'s undefined term "distribution."); United States v. Singh, 783 F. App'x 191, 195 (3d Cir. 2019) (assuming that federal CSA governed § 4B1.2(b)'s definition of "controlled substance" and noting that New York criminalized a substance not found on federal drug schedules.). Under the federal CSA, heroin is defined to include only its optical isomer. 21 U.S.C. § 812, Schedule I(b)(10); see id. § 802(14) ("The term "isomer" means the optical isomer . . . ."). Pennsylvania, however, defines heroin to include its "salts, isomers and salts of isomers . . . ." 35 P.S. § 780-104, Schedule

(1)(ii)(10). Because the plain language of Pennsylvania's definition covers a larger swath of conduct than its federal counterpart, i.e., all isomers of heroin as opposed to only its optical isomer, Ward's statute of conviction is categorically broader than the federal definition.

However, as the Third Circuit has explained, that does not end the inquiry because "it takes 'more than the application of legal imagination' to find that a state law criminalizes conduct outside the generic federal definition of the crime." Singh, 783 F. App'x at 195 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)). Therefore, "to conclusively demonstrate that [his prior conviction] cannot serve as a predicate offense under § 4B1.1, [Ward] must also show a realistic probability that [Pennsylvania] would prosecute someone under [§ 780-113(a)(30)] for possession with intent to sell [the non-optical isomers of heroin]." Id. Having failed to produce "any authority, such as state judicial decisions or pattern jury instructions," Glass, 904 F.3d at 323, suggesting Pennsylvania would so apply § 780-113(a)(30), Ward argues, instead, that a realistic probability inquiry is not warranted pursuant to the Salmoran line of cases. See Salmoran v. Att'y Gen., 909 F.3d 73, 81 (3d Cir. 2018) ("[W]here the elements of the crime of conviction are not the same as the elements of the generic federal offense . . . the realistic probability inquiry . . . is simply not meant to apply.").

Ward's argument necessarily fails because Salmoran is inapposite. To be sure, the Third Circuit has explained that "'the type of drug, insofar as it increases the possible range of penalties, is an element' of section 780–113(a)(30)." Singh v. Att'y Gen., 839 F.3d 273, 284 (3d Cir. 2016) (quoting United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014)). Moreover, "to prove it, the prosecution must prove that the substance in question was one of those enumerated in Pennsylvania's controlled substance schedules." Id. (quoting United States v. Tucker, 703 F.3d 205, 215 (3d Cir. 2012)). Because the non-optical isomers of heroin included within

Pennsylvania's definition neither increase the possible range of penalties, nor need to be proven by prosecution, they simply are means of committing the same crime—i.e., possession with intent to distribute heroin.  See Descamps v. United States, 570 U.S. 254, 269–70 (2013) (whereas "elements" define the crime and thus must be specifically charged and found by the jury, "means" refer to how an element has been satisfied and thus are "amplifying but legally extraneous circumstances," which need not be charged or found by the jury.)

For all of these reasons, Defendant's objection to the PSR that his 2010 Pennsylvania conviction does not qualify as a career offender predicate is overruled.[2]

IT IS SO ORDERED.

November 30, 2021                                                s/Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Given Ward's failure to present evidence reflecting a realistic probability that Pennsylvania would prosecute someone under § 780-113(a)(30) for possession with intent to sell the non-optical isomers of heroin, the Court need not, and does not, reach the government's alternative argument regarding the Federal Analogue Act.